IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Criminal No. 03-2026 BB

PEDRO MARTINEZ-ANGELES,

    Defendant.

## MEMORANDUM OPINION AND ORDER ON
## DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT

THIS MATTER comes before the Court pursuant to Defendant's Formal Objections to the Presentence Report [Docket No. 17] and Defendant's Supplemental Objections [Docket No. 22]. Defendant objects to (1) the Presentence Report (PSR) recommendation in paragraph 22 that Defendant be assessed two criminal history points pursuant to U.S.S.G. § 4A1.1(b); (2) the PSR recommendation in paragraph 26 that Defendant be assessed two criminal history points pursuant to 4A1.1(d)[1]; and (3) application of the Federal Sentencing Guidelines in light of the Supreme Court decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). A sentencing hearing was held on Tuesday, September 7, 2004. The Court took up Defendant's objections at the hearing, heard oral argument from counsel, took two of Defendant's objections under advisement and continued the Sentencing.

---

[1] Presumably, Defendant's objection is to the PSR recommendation in paragraph 26 for the assessment of two criminal history points under U.S.S.G. § 4A1.1(d) because defendant committed the instant offense while under a criminal justice sentence, namely the life time parole. However, Defendant's objection does not cite to this paragraph and references U.S.S.G. § 4A1.1(c) as the basis for the assessment of criminal history points for the life time parole.

**DEFENDANT'S OBJECTION TO PARAGRAPH 22 OF THE PSR:**

In a ruling from the bench on September 7, 2004, the Court sustained Defendant's objection to the PSR recommendation in paragraph 22. While my previous ruling makes it unnecessary to address this objection further, I will take this opportunity to further clarify my ruling. Paragraph 22 of the PSR recommends an assessment of two criminal history points for Defendant's conviction on November 4, 1994 for Assault by a Prisoner, a Class A Misdemeanor. The PSR states that attorney representation with regard to the case could not be determined. The PSR gives no facts underlying this offense other than the fact that it occurred while Defendant was in custody in the Utah Department of Corrections. Defendant objected to the use of this conviction for the assessment of criminal history points because there is no evidence that Defendant's right to counsel was satisfied. At the hearing, the Court asked United States Probation Officer ('USPO") for more detailed information on several of the paragraphs addressing Defendant's criminal history. The USPO was unable to provide any additional information. The Assistant U. S. Attorney ("AUSA") covering this hearing likewise could provide no further information. The PSR is replete with statements that there are no further details regarding particular matters. See PSR ¶¶ 20, 21, 22, and 23.

The Court is simply not persuaded that the appropriate authorities in the State of Utah would not be forthcoming with the necessary information to support the conviction referred to in paragraph 22. However, even if the state authorities in Utah were not cooperative, I would not have known that because the USPO present for the hearing was not the USPO who prepared the PSR and knew very little about the case. The AUSA covering the hearing knew about as much as the USPO, which was not very much at all. The one person present at the sentencing hearing

who had knowledge about the case and was prepared for the hearing was the Defendant's attorney.

The Court is well aware of the staggering border-related caseload in this District and the attendant problems encountered by USPO's and AUSA's in Las Cruces.  Accordingly, the Court has no objection to USPO's and AUSA's standing in for one another at routine sentencing hearings.  However, for those exceptional cases where there are complex issues regarding objections and departures to a PSR, I would certainly prefer the USPO who wrote the PSR and the AUSA who is prosecuting the case to be present.  If they are not available, then at a minimum, a USPO and an AUSA who have taken the time to become familiar with the case should be present.

With no further information forthcoming with regard to the conviction listed on paragraph 22, Defendant's objection is sustained.

**DEFENDANT'S OBJECTION TO PARAGRAPH 26 OF THE PSR:**

Defendant objects to the use of his "life time parole" from the state court in Utah for the assessment of criminal history points.  Defendant states that the PSR is insufficient proof of this parole.  While this may have been true, the Government has now provided an Order of Parole from the Board of Pardons and Parole of the State of Utah.  Therefore, the fact of the imposition of the term of parole is sufficiently proved.  Defendant also objects to the use of the term of parole to assess criminal history points arguing that the parole was not a criminal justice sentence pursuant to U.S.S.G. § 4A1.1(d).

U.S.S.G. 4A1.1(d) provides that a court should add 2 criminal history points if a defendant committed the instant offense while under any criminal justice sentence, including

probation, parole, supervised release, imprisonment, work release, or escape status. Defendant argues that he was not under a criminal justice sentence because the State of Utah surrendered him for deportation and did not maintain supervision of his parole. In support of his argument, Defendant cites to United States v. Kipp, 10 F.3d 1463, 1467 (9th Cir. 1993). The Government responds that Defendant's parole survived deportation. In support of its argument, the Government cites to United States v. Cuero-Flores, 276 F.3d 113, 118 (2nd Cir. 2002).

In Kipp, a defendant had been previously convicted of DWI and received a two year deferred sentence. He then committed the federal crime for which he was being sentenced within the two year period after he received the deferred sentence. The district court assessed 2 criminal history points under U.S.S.G. § 4A1.1(d). The Ninth Circuit reversed stating that a deferred or suspended sentence is not a criminal justice sentence for purposes of Section 4A1.1(d) because there is no supervisory or custodial component. Kipp, 10 F3d at 1467. In so holding, the Ninth Circuit referred to the commentary of Section 4A1.1(d) which states that a criminal justice sentence means a prior sentence having a custodial or supervisory component, although active supervision is not required. Id. The Ninth Circuit appears to have ignored the commentary statement that active supervision is not required. The Ninth Circuit also did not address the commentary's statement that, as an example, a period of unsupervised probation would be included as a criminal justice sentence. I am not persuaded by the reasoning or holding of Kipp.

In Cuero-Flores, a defendant had been previously convicted of a drug crime and sentenced to 180 months in prison followed by a lifetime special parole term. Following his prison term, the defendant was deported. The defendant was later arrested in the United States and pled guilty to illegal reentry. In sentencing the defendant on the illegal reentry, the district court added 2

4

criminal history points under 4A1.1(d) for committing the illegal reentry while he was serving the special parole term. The defendant appealed his sentence arguing that the 2 points should not have been assessed because his parole terminated when he was deported. The Second Circuit affirmed the district court. Cuero-Flores, 276 F.3d at 119. In affirming, the Second Circuit took note of 8 U.S.C. § 1231(a)(4) which provides that an alien sentenced to imprisonment cannot be deported until he is released, but that a term of parole, supervised release, probation, or possibility of rearrest or further confinement are not grounds for deferral of deportation. Id. at 117.

Cuero-Flores is directly on point and persuasive. Moreover, Defendant's argument that the State of Utah, in turning him over for deportation, showed a lack of intent to impose a criminal justice sentence with a supervisory component lacks any merit. In light of 8 U.S.C. § 1231(a)(4), The State of Utah had no authority to keep Defendant in the United States for purposes of supervising his parole. That does not mean, however, that his parole terminated automatically when he was deported. I conclude that the term of life time parole imposed by the State of Utah was a criminal justice sentence, and I find that Defendant committed the instant offense while under that sentence. Thus, Defendant's objection to the PSR recommendation in paragraph 26 for the assessment of 2 criminal history points pursuant to U.S.S.G. § 4A1.1(d) is overruled.

**DEFENDANT'S OBJECTIONS BASED ON BLAKELY v. WASHINGTON:**

Defendant's supplemental objection argues that the portions of the Federal Sentencing Guidelines that are not unconstitutional under Blakely v. Washington, 124 S. Ct. 2531 (2004) are not severable from those that are unconstitutional under Blakely. Defendant then opines that the Federal Sentencing Guidelines are unconstitutional in their entirety and cannot be applied for the

purpose of sentencing Defendant.  Defendant urges in a footnote that the language in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), providing an exception to the general rule of <u>Apprendi</u> for the fact of a prior conviction is dicta.  Defendant further urges that, even if the fact of prior conviction is an exception to the general rule of <u>Apprendi</u>, findings with regard to the characteristics of a prior conviction such as whether a conviction was for a violent felony are not within the exception.

As of the date of the entry of this Memorandum Opinion and Order, neither the Tenth Circuit nor the United States Supreme Court has held any portion of the Federal Sentencing Guidelines to be unconstitutional.[2]  In light of this, I do not conclude that portions of the Federal Sentencing Guidelines are unconstitutional.  Consequently, I do not find that the Federal Sentencing Guidelines are unconstitutional in their entirety based on a lack of severability.  Additionally, <u>Blakely</u> and its predecessor Supreme Court cases make clear that the base offense level determination and enhancements at issue in this case involve a traditional sentencing factor rather than an element of the offense.

In <u>Almendarez-Torres v. United States</u> the Supreme Court faced the issue whether recidivism is an element of an offense to be stated in the indictment and proven to a jury beyond a reasonable doubt, or whether it is a sentencing factor to be found by a judge.  523 U.S. 224, 239 (1998).  The Court concluded that recidivism is a sentencing factor.  <u>Id.</u> at 243.  Consequently, the Court held that there was no constitutional requirement that a recidivism factor be stated in the indictment and proved to a jury beyond a reasonable doubt.  <u>Id.</u> at 247.

---

[2] I am not convinced that the holding in <u>Blakely</u> necessarily portends the demise of many sentence enhancements under the Federal Sentencing Guidelines.

Subsequent cases have called Almandarez-Torres into doubt. See Apprendi, 530 U.S. at 487 (stating that the holding in Almandarez-Torres "represents at best an exceptional departure from the historic practice that we have described"). However, Almandarez-Torres has not been overruled, remains good law, and has essentially been affirmed on its basic premise that recidivism is a traditional sentencing factor that does not implicate constitutional concerns. See Blakely, 124 S.Ct. at 2536 (quoting Apprendi for the general rule that "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); Apprendi, 530 U.S. at 488, 490 (noting again that the holding in Almandarez-Torres rested on the conclusion that recidivism is a traditional sentencing factor, and holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); U.S. v. Cooper, 375 F.3d 1041, 1052 n.3 (10th Cir. 2004) (noting that the federal "three strikes" law imposing a life sentence based on a defendant's commission of at least two prior violent felonies is not subject to the rule in Apprendi because the facts increasing the penalty beyond the statutory maximum are facts of prior conviction); U.S. v. Dorris, 236 F.3d 582, 587 (10th Cir. 2000) (noting that Almandarez-Torres has not been overruled).

Defendant's argument that the characteristics of a prior conviction are not within the Apprendi exception is an interesting argument that has been recently raised before the Supreme Court. In Dretke v. Haley, 124 S.Ct. 1847 (2004), a habeas petitioner asked the Court to determine that the Court's precedents allowing a judicial determination of the fact of a prior conviction did not apply when, in addition to the fact of prior conviction, there was a finding that

7

these priors were sequential. The petitioner sought a ruling that the finding that prior convictions were sequential was required to be submitted to a jury and found beyond a reasonable doubt. The Court declined to address the issue stating that "These difficult constitutional questions . . . are to be avoided if possible." Id. at 1853-54.

While the Supreme Court has avoided the difficult constitutional issue presented here, I believe Supreme Court and Tenth Circuit precedent, authority from other jurisdictions, common sense and public policy guide this Court to the inevitable conclusion that findings with regard to characteristics of a prior offense underlying a conviction need not be proved to a jury beyond a reasonable doubt. The reasoning in Almandarez-Torres was not limited to "the fact of a prior conviction" but spoke more broadly to recidivism issues. The Tenth Circuit in Cooper, decided nearly one month after the Supreme Court issued its opinion in Blakely, stated that the rule of Apprendi does not apply to a determination under 18 U.S.C. § 3559(c) that a Defendant has been convicted of at least two prior serious violent felonies. 375 F.3d at 1052 n.3. In making a determination of prior conviction under 18 U.S.C. § 3559, a court must often do more than count the number of prior convictions; a determination must be made that the prior conviction was for a serious violent felony.

Other courts faced with the issue whether these broader determinations involving the characterization of prior offenses are recidivism issues excluded from the rule of Apprendi have answered in the affirmative. In U.S. v. Henton, the Seventh Circuit found that the issue whether prior convictions are serious violent or serious drug offenses for purposes of 18 U.S.C. § 924 need not be submitted to a jury and found beyond a reasonable doubt. 374 F.3d 467 (7th Cir.

2004). In doing so, the court specifically noted that <u>Almandarez-Torres</u> treated recidivism issues as sentencing factors rather than as elements of an offense.

The base offense level determination and enhancements at issue in this case involve determinations regarding Defendant's prior convictions. I conclude that these determinations are traditional recidivism sentencing factors and appropriately determined by the Court based on a preponderance of the evidence. Defendant's supplemental objection is therefore overruled.

**CONCLUSION**

The Court having sustained Defendant's objection to the conviction referenced in paragraph 22 of the PSR, the Defendant's criminal history score is now 13 which still leaves him in Criminal History Category VI. The Defendant's offense level remains 22. The Court finds that an offense level of 22 with a Criminal History Category of VI establishes a guideline sentencing range for Defendant of 84-105 months. Defendant shall be sentenced the next time the Court is in Las Cruces.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE